## In Re Anonymous No. 8 D. B. 83

Disciplinary Board Docket No. 8 D. B. 83

McGINLEY, member, October 26, 1983.

## FINDINGS, ADJUDICATION AND ORDER

Pursuant to the Rules of the Pennsylvania Rules of Discipline Enforcement (enforcement rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits the following findings, adjudication and order with respect to the above proceeding:

## I. STATEMENT OF CHARGES

Upon complaint by a private citizen, the Office of Disciplinary Counsel filed a petition for discipline against [Respondent] ([   ]).

In pertinent part, the petition alleged that [Respondent] had been engaged by an individual to investigate a cause of action arising from an incident which took place in [   ], Pennsylvania on or about November 26, 1980.

The client paid [Respondent] a retainer of $200 to be applied to costs and investigative expenses and also agreed to pay one-third of the proceeds of any settlement or judgment which arose out of the cause of action.

The engagement between the complainant and [Respondent] occurred on December 4, 1980.

Thereafter, the client made numerous inquiries as to the status of the case. He was continually assured by [Respondent] that an action had been filed and would be scheduled for hearing shortly.

Finally, the client, in October of 1982, made a detailed request for information. No reply was given to the detailed request.

It was determined that [Respondent] had never commenced an action on behalf of the client and

that he had consistently and continually misrepresented the status of the case.

As a consequence, [Respondent] was charged with violating the following Disciplinary Rules of the Code of Professional Responsibility:

A. D.R. 1-102 (A)(4), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

B. D.R. 6-101 (A)(3), which prohibits an attorney from neglecting a legal matter entrusted to him;

C. D.R. 7-101 (A)(1), which prohibits an attorney from intentionally failing to seek the lawful objectives of a client through reasonably available means permitted by law and Disciplinary Rules;

D. D.R. 7-101 (A)(2), which prohibits an attorney from intentionally failing to carry out a contract of employment entered into with a client for professional services; and

E. D.R. 7-101 (A)(3), which prohibits an attorney from intentionally prejudicing or damaging a client during the course of the professional relationship.

[Respondent], in the pleadings and at trial, did not contest any of the factual averments that were made by Disciplinary Counsel. He indicated that he had a mistaken belief as to the applicable statute of limitations.

## II. DISCUSSION

At the hearing, it was admitted, and the hearing committee found that [Respondent] had been the subject of Disciplinary Proceedings on six previous occasions. These instances involved allegations of neglect and resulted in informal admonitions. The informal admonitions were administered on April 13, 1976, February 20, 1979, January 20, 1981, November 18, 1981, February 25, 1982 and February 23, 1983.

At the time of the informal admonition of February 23, 1983, [Respondent] had commenced the implementation of a "tickler" system and telephone message system in order to avoid inadvertently missing important deadlines and messages. This system was established with the cooperation and assistance of Allen B. Zerfoss, Chief Disciplinary Counsel. As the record demonstrates, [Respondent's] tickler system was established after the complaint that gave rise to the within petition for discipline. Thus, as of the date of the conduct which formed the basis for complaint in the captioned action, [Respondent] had not yet implemented that system which had been suggested by Mr. Zerfoss. Further, the hearing committee found that [Respondent] had offered to make restitution to the affected client in the within captioned action.

The hearing committee found that the agreed upon facts gave rise to a finding that [Respondent] had violated D.R. 1-102 (A)(4) and D.R. 6-101 (A)(3). Further, the hearing committee found a violation of D.R. 7-101 (A)(1)(3). Some of the other Disciplinary Rules which [Respondent] allegedly had violated involved intentional conduct by an attorney prejudicing the interests of a client, but no disciplinary infraction of these rules was found.

The hearing committee recommended a public censure. In doing so, it relied upon cases which it felt were analogous to the captioned action. In re Anonymous, 32 D.B. 80, 24 D. & C. 3d 423 (1982) and in re Anonymous, 62 D.B. 81 (1983). Each of those cases involved instances where an attorney had permitted the applicable statute of limitations to lapse and had actively misrepresented the status of the matter to a client. In the case at 32 D.B. 80, the attorney also obtained money after the expiration of the statute. In 62 D.B. 81, the hearing committee

considered instances of neglect and misrepresentation. The hearing committee distinguished the instant case on the basis of [Respondent's] offer to make restitution and his sincere regret for the omissions which had occurred.

It was the view of the committee that the pattern of conduct revealed in this case warranted an increase in the degree of discipline over and above informal admonition. As a consequence, the hearing committee recommended a public censure from the Supreme Court of Pennsylvania.

## III. CONCLUSION

The board did not agree with this course of discipline. However, the board did agree that some increase in the measure of discipline applicable was appropriate. The board gave consideration to the fact that respondent had received informal admonitions but had not been privately reprimanded. Considering the recommendations of the hearing committee, and also considering the fact that the tickler and telephone message system which had been implemented with the assistance of Disciplinary Counsel had not yet been subjected to the test of time, the Disciplinary Board felt that a public censure was too severe and that the proper measure of discipline would be a private reprimand. Therefore, it was unanimously agreed that respondent should be given a private reprimand and pay the costs incurred with this action.

## ORDER

And now, this August 24, 1983, the report and recommendation of hearing committee [ ] is rejected; and it is ordered and decreed, that the said [Respondent] of [ ], be subjected to a private repri-

mand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board. Costs are to be paid by respondent.